Maiden v. Manchester, et al.          CV-03-190-SM  08/26/04
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Diane Maiden,
        Plaintiff

        v.                                Civil No. 03-190-SM
                                          Opinion No. 2004 DNH 126
City of Manchester, New Hampshire;
Matthew Normand, Deputy City Clerk;
and the Manchester Board of Mayor
and Aldermen,
        Defendants


                          O R D E R


        Diane Maiden filed this suit against the City of Manchester

and various municipal political leaders seeking declaratory and

injunctive relief.  In her one-count complaint, Maiden alleged

that a Manchester ordinance restricting the practice of tattooing

to licensed physicians violated her First Amendment rights.  See

generally 42 U.S.C. § 1983.  Although she is a state-licensed

tattoo artist, Maiden is not a physician.


        Approximately eight months after filing her complaint,

Maiden moved for summary judgment, advancing two arguments.

First, she reiterated her original claim that the Manchester

ordinance in question violated her constitutionally protected

right to freedom of speech. Additionally, for the first time, she claimed that the local ordinance was preempted by state law - N.H. Rev. Stat. Ann. ("RSA") ch. 314-A (2003 Supp.), a comprehensive statutory scheme governing tattooing and other forms of body art. While defendants objected to Maiden's motion and addressed both grounds on which she sought summary judgment, they did not adequately address her preemption claim.

Accordingly, by order dated March 8, 2004, the court directed defendants to submit a legal memorandum showing cause why judgment should not be entered in favor of plaintiff on grounds that, by enacting RSA ch. 314-A, the State completely preempted the City's far more restrictive ordinance regulating the same subject. Maiden v. City of Manchester, No. 03-190-M, 2004 DNH 41 at 9 (D.N.H. March 8, 2004). Defendant complied with that order, and plaintiff filed a responsive memorandum.

After reviewing the parties' memoranda and the applicable law, the court concluded that it need not reach Maiden's federal constitutional claim, because the City's 40 year-old ordinance was plainly preempted by the recently enacted state statute

2

governing body art.  Maiden v. City of Manchester, No. 03-190-M,
2004 DNH 78 at 14-15 (D.N.H. May 6, 2004).  Pursuant to 42 U.S.C.
§ 1988, Maiden now moves the court to award her reasonable
attorney's fees.  See also Fed. R. Civ. P. 54(d)(2).

Section 1988 of Title 42 provides, in relevant part, as
follows:

> In any action or proceeding to enforce a provision of
> [42 U.S.C. § 1983], the court, in its discretion, may
> allow the prevailing party . . . a reasonable
> attorney's fee as part of the costs.

42 U.S.C. § 1988(b).  As the court of appeals for this circuit
has observed, "[a]lthough this fee-shifting provision is couched
in permissive terminology, awards in favor of prevailing civil
rights plaintiffs are virtually obligatory."  Gay Officers Action
League v. Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001)
(citations omitted).  The question presented in this case is
whether plaintiff may properly be deemed a "prevailing party"
under section 1988 notwithstanding the fact that the court did
not resolve her First Amendment claim.

**Discussion**

I.   <u>Plaintiff's Entitlement to Fees</u>.

Interpreting the fee-shifting provisions of section 1988, the Supreme Court has held that a party "prevails" when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." <u>Farrar v. Hobby</u>, 506 U.S. 103, 111-12 (1992). More recently, the Court clarified the meaning of "prevailing party" by rejecting the notion that a party "prevails," at least for purposes of fee-shifting statutes, simply because his or her suit acts as a "catalyst" for the favorable change in a defendant's conduct.

> We cannot agree that the term "prevailing party" authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the "sought-after destination" without obtaining any judicial relief.

<u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 606 (2001). Thus, to be properly viewed as a "prevailing party," a plaintiff must obtain either an enforceable judgment on the merits or a court-ordered consent

4

decree which materially alters the legal relationship of the parties.  Id. at 604.

Here, plaintiff obtained a judgment on the merits that materially (and, from her perspective, favorably) altered the legal relationship of the parties: a judicial declaration that the Manchester ordinance limiting the practice of tattooing exclusively to licensed physicians is preempted by state law and unenforceable against her.  Nevertheless, a question remains as to whether she is entitled to attorney's fees under § 1988, since she prevailed on a state law claim, rather than on her federal claim.  The court of appeals for this circuit has repeatedly answered that question in the affirmative.

In 1978, the court of appeals upheld a district court's award of attorney's fees to a party who prevailed on a state law claim, notwithstanding the fact that the court never reached his federal constitutional claim.

> The district court . . . analyzed the law and facts
> properly.  It made the award [of attorney's fees] only
> after first determining that the § 1983 claim was
> substantial and that the successful pendent claim arose
> from the same nucleus of facts.  The legislative

5

> history of [42 U.S.C. § 1988] supports the awarding of fees in such circumstances. Indeed, since courts often by-pass constitutional issues when a case can be disposed of on statutory grounds, it could well be unfair to attach controlling weight to the particular claim upon which relief is granted.

Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978) (citation omitted).

More recently, in Williams v. Hanover Hous. Auth., 113 F.3d 1294 (1st Cir. 1997), plaintiffs brought a section 1983 action, but prevailed when the district court resolved an underlying state law question in their favor. Despite the fact that plaintiffs' federal claims were rendered moot, the court of appeals concluded that plaintiffs were still properly viewed as "prevailing parties," entitled to an award of attorney's fees under section 1988.

> By addressing the state law question first, the federal court followed the principle that a case should not be decided on constitutional grounds if other grounds are available. [Here,] the state law question on which the court ruled was . . . closely entwined with the federal claims [and] the court's addressing of it [was] an appropriate judicial action taken within the context of the § 1983 proceeding itself. Being integral to the latter and to the federal claims therein, it furnished an unexceptionable basis for finding plaintiffs to be "prevailing parties" entitled to fees under § 1988.

<u>Id.</u> at 1299.  Thus, the court concluded that, "it is immaterial for § 1988 purposes that plaintiffs' success in the § 1983 action results from a favorable ruling on a relevant issue of state law, so long as the state law issue and the federal claims being made in the § 1983 proceeding are closely interrelated."  <u>Id.</u> at 1298.

Here, Maiden's federal and state law claims were "closely interrelated" and arose from the same nucleus of operative facts. Both directly challenged the validity and enforceability of the City's ordinance, which precluded all but "licensed physicians" from practicing the art of tattooing within the City.  Having prevailed on her state law claim, plaintiff is properly viewed as a "prevailing party" for purposes of § 1988, thereby entitling her to an award of reasonable attorney's fees, even though the court's favorable ruling on her state claim rendered moot her constitutional claim.  And, because she prevailed on the merits, and does not advance a "catalyst theory" in support of her motion for attorney's fees, her claim is not thwarted by <u>Buckhannon</u>.

7

II.  Calculating the Amount to which Plaintiff is Entitled.

A.   Plaintiff's Submissions.

Having found an award of attorneys' fees justified under the statute, the court must next determine whether the sum requested is "reasonable."  In this circuit, the preferred method for calculating fee awards under 42 U.S.C. § 1988 is the "lodestar method," by which "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate."  Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 337 (1st Cir. 1997)(quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). See also In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 305 (1st Cir. 1995).

Plaintiff bears the burden of providing sufficiently detailed contemporaneous records of the time spent and tasks performed to allow the court to determine their reasonableness. See Tennessee Gas Pipeline Co. v. 104 Acres of Land, 32 F.3d 632, 634 (1st Cir. 1994).  She has met that burden by submitting comprehensive records detailing the effort expended by her legal counsel.  She has also filed affidavits from Jennifer Eber, Esq.

and David Slawsky, Esq. supporting the reasonableness of the fees claimed.

Records submitted by plaintiff's counsel document the following:

a. 169.8 hours of work performed by Attorney Jennifer Eber (a partner at the law firm of Orr & Reno), at an hourly rate of $180;

b. 6.20 hours of work performed by Attorney Martha Van Oot (also a partner at that firm), at an hourly rate of $210;

c. 11.90 hours of work performed by Attorney James Laboe (an associate at that firm), at an hourly rate of $160;

d. 23.60 hours of work performed by Attorney Phillip Bixby (a former associate at that firm), at an hourly rate of $160;

e. 9.40 hours of work performed by Attorney Melissa Guldbrandsen (an associate at that firm), at an hourly rate of $120;

f. 9.7 hours of work performed by Paralegal Diane White, at an hourly rate of $80.

Additionally, plaintiff has submitted documentation supporting counsel's expenditure of $456.48 in costs. The court finds that the hourly rates charged by each of the attorneys and the paralegal who worked on this matter are reasonable and consistent

9

with those customarily charged by practitioners of comparable skill and experience in New Hampshire. See Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1190 (1st Cir. 1996) ("In determining a reasonable hourly rate, the Supreme Court has recommended that courts use 'the prevailing market rates in the relevant community' as the starting point."). See also Affidavit of David Slawsky, Esq.

B.    Defendants' Objections.

Defendants object to an award of attorney's fees on two grounds. First, they say that plaintiff is not properly viewed as a "prevailing party" under section 1988 because the court did not rule in her favor on her federal constitutional claim. As discussed above, however, that view is not consistent with applicable Supreme Court or circuit precedent.

Next, defendants say that if the court grants plaintiff's application for attorney's fees, any award should compensate plaintiff exclusively for work performed by her attorneys on the state law preemption claim; it should not, say defendants,

10

compensate plaintiff for legal work performed on her First Amendment claim, which the court never resolved.

Defendants' point is, at least in part, persuasive. But, to deny plaintiff fees for any of the work performed on her First Amendment claim would go too far. First, plaintiff's constitutional claim was certainly "non-frivolous." In fact, it had substantial merit and might well have met with success had it been resolved. See, e.g., Commonwealth v. Meuse, 10 Mass. L. Rep. 661, 1999 WL 1203793 (Mass. Super. Nov. 29, 1999) ("The absolute prohibition of all forms of tattooing, a protected form of expression, except by licensed physicians - not themselves generally known to be tattoo artists - is substantial overbreadth. The [state statute] sweeps too broadly by punishing criminally a substantial amount of constitutionally protected expression. It is, therefore, unconstitutional."). See generally Anthony J. Picchione, Tat-too Bad for Municipalities: Unconstitutional Zoning of Body-Art Establishments, 84 B.U.L. Rev. 829 (June, 2004).

Additionally, as noted above, plaintiff's state law preemption claim and her constitutional claim were closely related. That the court chose, for prudential reasons, not to resolve plaintiff's constitutional claim, should not undermine plaintiff's entitlement to an otherwise reasonable attorney's fee for work reasonably performed in the pursuit of the claim.

Nevertheless, under the circumstances, the full fee claimed ought to be equitably reduced to some degree. Although the City of Manchester, which has effectively banned the practice of tattooing within city limits since at least 1962, is fairly charged with knowledge of the preemptive effect of RSA ch. 314-A, still the court cannot escape an abiding conviction that had plaintiff diligently researched the applicable law before filing suit, she would have asserted a preemption claim early on. Had she done so, this case likely would have been resolved much earlier, at far less cost to both parties. To be sure, there is equivalent blame on the City's counsel for not recognizing the governing state statute at a much earlier point, and perhaps taking a cue from its provisions (of course, even when put on notice of the state law support for plaintiff's claim of right,

12

the City still continued its opposition and, facing an adamant opponent, plaintiff reasonably pressed both her constitutional and statutory grounds for relief).  But, all in all, some estimable portion of the fees actually incurred should not have been necessary.

## Conclusion

For the reasons set forth above, plaintiff is a "prevailing party" under 42 U.S.C. § 1988 and, therefore, entitled to an award of reasonable costs and attorney's fees.  But, because plaintiff asserted her decisive state law preemption argument for the first time in her motion for summary judgment, principles of fairness and equity counsel in favor of equitably reducing the total award of attorney's fees, given the substantial portion devoted to the First Amendment claim - work that in some measure would have been unnecessary had the state law claim been asserted earlier.

Considering the totality of the circumstances presented in this case, as well as the fact that plaintiff prevailed on her singular goal - to have the City's ordinance governing the

practice of tattooing declared unenforceable against her - the court, in the exercise of its discretion, deems her request for attorney's fees both reasonable and well-supported, to the extent of $30,000. See generally Hensley v. Eckerhart, 461 U.S. at 437; United States v. Communidades Unidas Contra la Contaminacion, 204 F.3d 275, 283 (1st Cir. 2000). Accordingly, plaintiff's motion for an award of attorney's fees and costs (document no. 24) is granted and plaintiff is hereby awarded $456.48 in costs and $30,000.00 in attorney's fees (representing an equitable reduction in her request for nearly $40,000 in attorney's fees).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 26, 2004

cc:  Jennifer A. Eber, Esq.
     Robert J. Meagher, Esq.

14